**UNITED STATES of America,**
**Appellee,**

v.

**Ricardo ROWLEY, aka Braisy,**
**Defendant–Appellant,**

**No. 12–3975.**

United States Court of Appeals,
Second Circuit.

Nov. 26, 2013.

Devin McLaughlin, Langrock Sperry & Wool, LLP, Middlebury, Vermont, for Appellant.

Rajit S. Dosanjh, for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York, for Appellee.

PRESENT: AMALYA L. KEARSE, DENNIS JACOBS AND B.D. PARKER, CIRCUIT JUDGES.

### SUMMARY ORDER

Ricardo Rowley appeals from orders dated September 13 and 20, 2013, of the United States District Court for the Northern District of New York (Scullin, *J.*), denying a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Rowley seeks resentencing under the Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat. 2372 (2010) ("FSA"). The district court found him ineligible for resentencing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The FSA does not apply retroactively to defendants, such as Rowley, who were convicted and sentenced prior to August 3, 2010. *United States v. Diaz*, 627 F.3d 930, 931 (2d Cir.2010). The Supreme Court's decision in *Dorsey v. United States*, holding that the reduced penalties of the FSA apply to defendants who were convicted before the Act's enactment, but *sentenced afterward*, does not compel a different result. —— U.S. ——, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). *See also United States v. Johnson*, 732 F.3d 109, 116 (2d Cir.2013). Our sister Circuits overwhelmingly support this conclusion. *See United States v. Reeves*, 717 F.3d 647, 650–51 (8th Cir.2013) (listing other Circuits addressing this issue).

Rowley's reliance on *United States v. Blewett*, 719 F.3d 482 (6th Cir.2013), is misplaced. That decision arguably contradicted binding circuit precedent in *United States v. Hammond*, 712 F.3d 333 (6th Cir.2013), and has since been vacated by the Sixth Circuit for a rehearing *en banc*. Dicta in *Dorsey* also support the conclusion that *Blewett* was wrongly decided. *See Dorsey*, 132 S.Ct. at 2335 ("We have explained how in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced."). Since *Blewett*, every Circuit that has considered this issue has declined to follow its lead. *See, e.g., Reeves*, 717 F.3d at 651; *United States v. Clement*, 723 F.3d 1028 (9th Cir.2013); *United States v. Harris*, No. 13–2711, 2013 WL 4083300 (3d Cir. Aug. 14, 2013).

For the foregoing reasons, and finding no merit in Rowley's other arguments, we hereby **AFFIRM** the orders of the district court.